**Suzanne L. GREEN, Plaintiff,**

**v.**

**Major General SKULUTE, The Judge Advocate General of the United States Air Force; the Secretary of the United States Air Force; and the United States Air Force, Defendants.**

No. 93–CV–0079–J.

United States District Court,
D. Wyoming.

Dec. 7, 1993.

Marvin J. Johnson, Billie Ruth Edwards, Edwards & Johnson, Attys., Cheyenne, WY, Stephen L. Pevar, American Civil Liberties Union, Denver, CO, Hilary Holland, Westminster, CO, for plaintiff.

David A. Kubichek, U.S. Attorney's Office, Casper, WY, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

ALAN B. JOHNSON, Chief Judge.

This matter having come before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction, and a hearing having been held on August 26, 1993, the Court, having considered the materials filed both in support of and in opposition to the motion and the arguments of counsel, and being fully advised in the premises, now FINDS and ORDERS as follows:

### Background

Plaintiff Suzanne L. Green commenced this action on March 4, 1993, against defendants Major General Morehouse, the Judge Advocate General of the United States Air Force; the Secretary of the United States Air Force; and the United States Air Force.[1] Plaintiff alleges that this Court has jurisdiction over the claims asserted in her Complaint by virtue of 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. § 2201 (declaratory judgment). She seeks a judgment from this Court under 28 U.S.C. §§ 1331 and 2201, voiding her January 23, 1991, court-martial conviction and directing defendants pursuant to 28 U.S.C. § 1361, to vacate the conviction and restore all rights and benefits lost as a result of the court-martial. Plaintiff does not seek to re-

1. Major General Nolan Skulute, as the current Judge Advocate General of the United States Air Force, was substituted for Major General More-house as a defendant in this action by Order Changing Caption, dated December __, 1993.

cover monetary damages from the federal government. In fact, on August 20, 1993, she filed a document entitled, "Waiver of any Claim for Back Pay," expressly indicating that she is waiving any claim in this action for monetary damages, including back pay. *See* Docket No. 20.[2]

Plaintiff is a former commissioned officer of the United States Air Force, commissioned as a Lieutenant in 1987 and assigned to F.E. Warren Air Force Base ("F.E. Warren AFB") in September 1987. Complaint, ¶¶ 7, 8. In November 1990, charges were preferred against plaintiff under the Uniform Code of Military Justice ("UCMJ") for various infractions of 10 U.S.C. § 933, Conduct Unbecoming an Officer, specifically, fraternization between plaintiff and enlisted members of the United States Air Force. Complaint, ¶ 9 and ¶ 17.

Following an Article 32 investigation pursuant to 10 U.S.C. § 832, plaintiff's case was referred to the General Court–Martial Convening Authority, which in turn referred the matter for trial by general court-martial. Plaintiff was convicted on January 23, 1991, of four charges under § 933. The court-martial imposed a penalty consisting of: (1) a reprimand; (2) forfeiture of $1,500 per month for four months; and (3) restriction to F.E. Warren AFB for two months. Plaintiff was administratively discharged from the Air Force shortly thereafter.

Plaintiff's conviction was finalized when the guilty finding and the sentence were approved by the General Court–Martial Convening Authority on March 4, 1991. Because the penalty imposed by the court-martial involved neither dismissal nor confinement at hard labor for one year or more, plaintiff's sole course of review was by means of a mandatory review by the Judge Advocate General pursuant to 10 U.S.C. § 869. Under this statutory provision, the Judge Advocate General must examine the trial record of the court-martial and if any part of the findings or sentence is found to be unsupported in law, or if reassessment of the sentence is appropriate, he may modify or set aside the findings, the sentence, or both. The Judge Advocate General denied all issues raised by plaintiff's military counsel and upheld the court-martial conviction and sentence on May 29, 1991. Complaint, ¶ 12.

A Court of Military Review may review any court-martial case subject to action by the Judge Advocate General under § 869, if such review is ordered by the Judge Advocate General. The Judge Advocate General did not order the Court of Military Review to review plaintiff's court-martial. Consequently, plaintiff had no further appellate rights within the military justice system. Complaint, ¶ 13. She filed a petition for extraordinary relief to the United States Court of Military Appeals under the All Writs Act, 28 U.S.C. § 1651(a). That petition was denied on March 9, 1992. Complaint, ¶ 14. Plaintiff did not elect to pursue correction of her military record through the Air Force Board for Correction of Military Records.[3] Having exhausted all military remedies available to her, plaintiff commenced this lawsuit.

By this action, plaintiff is seeking judicial review of the constitutionality of her court-martial. She claims that the fraternization charges against her were based upon an Air Force "custom" rather than a statute, regulation, or order, proscribing certain conduct. She contends that the custom was "so unsettled as to preclude any reasonable person, officer, enlisted, or otherwise" from ascertaining what conduct was proscribed. Complaint, ¶ 21. She claims that this unsettled condition denied her reasonable notice of

---

**2.** Docket No. 20 states in part:

That Plaintiff does hereby affirmatively state that she is **not** seeking any back pay or damages from Defendants and, to the extent that someone might read such a request into the complaint, Plaintiff does hereby waive any claim in this action for monetary damages, including back pay.

Waiver of any Claim for Back Pay, ¶ 3 (emphasis in original).

**3.** Plaintiff's election not to pursue correction of her military record before the United States Air Force Board of Correction of Military Records does not preclude the Court from finding that she has exhausted all available military remedies. The Board of Corrections cannot review the constitutionality of a court-martial conviction and requiring plaintiff to proceed before that Board before instituting an action in this Court would constitute an exercise in futility. *See* 10 U.S.C. § 1552(f).

proscribed conduct in violation of her right to due process. This claim was presented during the course of plaintiff's court-martial by means of a motion to dismiss and a motion for directed verdict. Both motions were denied. Plaintiff contends that this claim also was presented in her petition to Major General Morehouse in her § 869 review. Complaint, ¶ 23.

Plaintiff also asserts that the exclusion of certain evidence at her court-martial violated her constitutional rights. She sought to introduce evidence respecting the then existing number of officer-enlisted marriages within the Air Force for the purpose of rebutting the alleged "custom" which formed the basis for the charges against her. The evidence was excluded as not relevant. Plaintiff contends that this issue likewise was presented to Major General Morehouse in her § 869 review. Complaint, ¶ 30. Plaintiff alleges in her Complaint that both the lack of adequate notice of proscribed conduct as well as the exclusion of the proffered evidence violated her right to due process. Defendants have filed a motion to dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Defendants claim that the action is barred by the doctrine of sovereign immunity in that the United States has not consented to suit under the statutes pleaded in plaintiff's Complaint. Defendants further contend that plaintiff may maintain this action only as a suit for monetary damages under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), a jurisdictional basis not alleged in plaintiff's Complaint. The Little Tucker Act confers jurisdiction upon district courts for actions in which a plaintiff seeks to recover monetary damages of $10,000 or less from the federal government. Because plaintiff has not pleaded the Act as a basis for jurisdiction, defendants argue that this Court lacks jurisdiction to hear a collateral attack on her court-martial conviction. Plaintiff's waiver of monetary damages precludes the application of the Little Tucker Act to this case.

Defendants further contend that plaintiff has waived the constitutional claims by which she seeks to collaterally attack her court-martial conviction by failing to raise them before the Judge Advocate General. Finally, defendants contend that plaintiff's claims present factual questions beyond the scope of judicial review in a collateral attack on her court-martial conviction. For these reasons, defendants urge the Court to dismiss the Complaint for lack of subject matter jurisdiction.

### Standard of Review

■ The law is well settled that a federal district court has jurisdiction to decide whether it has jurisdiction. *Amoco Pipeline Co. v. Admiral Crude Oil Corp.*, 490 F.2d 114, 116 (10th Cir.1974). Federal courts are courts of limited jurisdiction, however, and there is a presumption against jurisdiction. Accordingly, the party seeking to invoke jurisdiction bears the burden of proof. *Penteco Corp. v. Union Gas System Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991).

■ Plaintiff contends that defendants' motion under Rule 12(b)(1) should be converted to a motion for summary judgment because defendants submitted extraneous materials to the Court in support of their motion. As a general rule, a 12(b)(1) motion cannot be converted into a motion for summary judgment under Rule 56. *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir.1987) citing *Nichols v. United States,* 796 F.2d 361, 366 (10th Cir.1986) (quoting 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1366 (Supp.1986)); *Crawford v. United States,* 796 F.2d 924 (7th Cir.1986); *Stanley v. CIA,* 639 F.2d 1146, 1157–58 (5th Cir. Unit B Mar. 1981).

There is a widely recognized exception to this rule for those cases in which the jurisdictional question is intertwined with the merits of the case. In such circumstances, the issue should be resolved under Rule 12(b)(6) or Rule 56. *Id.* (citations omitted). "When subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined." *Id.* (citations omitted).

■ The Court finds that the jurisdictional claim and the merits of this case are not so intertwined as to justify converting defen-

dants' 12(b)(1) motion to a motion under either Rule 12(b)(6) or Rule 56. Accordingly, plaintiff retains the burden of proof as to whether the Court may appropriately exercise jurisdiction in this matter.

## Discussion

### I. The Court is not precluded from exercising jurisdiction to collaterally review the circumstances of plaintiff's court-martial conviction.

There are several avenues by which an individual convicted by court-martial may seek redress in the federal civil courts. For those in custody, a collateral attack on a court-martial judgment must be by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the present case, with the exception of two months confinement to F.E. Warren AFB, plaintiff was neither confined nor incarcerated as a consequence of her court-martial conviction. Habeas corpus relief, therefore, is not available to her.

Those individuals seeking collateral review of a court-martial judgment who are not in custody, usually proceed by means of an action for back pay in the Court of Claims. Under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), plaintiffs pursuing back pay claims not in excess of $10,000 may proceed either in the Court of Claims or in the district court for the district in which they reside. Neither the Court of Claims, nor the district courts under Tucker Act suits, have jurisdiction over complaints seeking equitable relief only. Thus, when the aggrieved party is neither in custody nor seeking a money judgment, as in this case, a petition for mandamus may be used to mount a collateral attack on a court-martial judgment.

A plaintiff must choose the correct route by which to proceed or she risks dismissal of the action or transfer to another court. If she seeks release from custody, she must proceed by habeas corpus. If she seeks only a correction of records, she may not sue in the Court of Claims but must proceed by mandamus in district court. If she seeks both a correction of records and damages in excess of $10,000, she must sue in the Court

of Claims. If she seeks a correction of records and damages not in excess of $10,000, she may sue in the Court of Claims or in the district court in which she resides. If a plaintiff's primary objective is the recovery of money from the federal government, she cannot circumvent jurisdiction under the Tucker Act by framing her claims as purely equitable.

In the present case, plaintiff has elected to proceed in district court premising her action on mandamus. This is the correct manner in which to proceed given that she is not seeking release from custody or monetary damages.

In *Hatheway v. Secretary of the Army*, 641 F.2d 1376 (9th Cir.1981), the Ninth Circuit upheld the jurisdiction of the district court over a court-martial challenge similar in nature to plaintiff's. Hatheway was convicted of sodomy by a general court-martial and sentenced to dismissal from the service. After exhausting his military channels of review, Hatheway filed an action in district court alleging jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1361 (mandamus), and 2201 (declaratory judgment). Hatheway sought a declaration that his conviction was invalid, an order that he be given an honorable discharge, and all pay and benefits denied because of his conviction. He did not allege jurisdiction under the Tucker Act. With respect to the jurisdictional issue, the Court stated:

> The district court had equitable jurisdiction under 28 U.S.C. § 1331 and mandamus jurisdiction under § 1361. *See Kauffman v. Secretary of the Air Force*, 415 F.2d 991, 994–96 (D.C.Cir.), *cert. denied*, 396 U.S. 1013, 90 S.Ct. 572, 24 L.Ed.2d 505 (1970); *Baker v. Schlesinger*, 523 F.2d 1031, 1034–35 (6th Cir.1975), *cert. denied*, 424 U.S. 972, 96 S.Ct. 1473, 47 L.Ed.2d 741 (1976) (mandamus); 1 Moore's Federal Practice ¶ 0.5[4.2] at 173–74 (2d ed. 1980). *See also Schlesinger v. Councilman*, 420 U.S. 738, 745, 95 S.Ct. 1300, 1306, 43 L.Ed.2d 591 (1975) (Article 76 of the Uniform Code of Military Justice, 10 U.S.C. § 876, which makes court martial judgments binding on civil courts does not de-

prive federal courts of jurisdiction over challenges to court-martial proceedings). Id. at 1379 (footnote omitted).

The Ninth Circuit recognized that the district court could not directly review the determination of the military courts but could act upon Hatheway's requests only upon a determination that the court-martial judgment was void because of a lack of jurisdiction or some other equally fundamental defect. *Id.* (citations omitted). Relying upon *Kauffman v. Secretary of the Air Force,* 415 F.2d 991, 995 (D.C.Cir.1969), *cert. denied,* 396 U.S. 1013, 90 S.Ct. 572, 24 L.Ed.2d 505 (1970) ("[T]he deprivation of liberty under an invalid conviction is a grievous injury, but a military discharge under other than honorable conditions imposes a lifelong disability of greater consequence for persons unlawfully convicted by courts martial"), and *United States v. Augenblick,* 393 U.S. 348, 351, 89 S.Ct. 528, 531, 21 L.Ed.2d 537 (1960), the court concluded that the district court was not precluded from considering allegations of constitutional defect. *See also Smith v. McNamara,* 395 F.2d 896, 899 (10th Cir. 1968); *Gallagher v. Quinn,* 363 F.2d 301 (D.C.Cir.), *cert. denied,* 385 U.S. 881, 87 S.Ct. 167, 17 L.Ed.2d 108 (1966) (upholding right to seek a mandatory injunction and declaratory relief testing a court-martial conviction); *Ashe v. McNamara,* 355 F.2d 277 (1st Cir. 1965) (sustaining an action in the nature of mandamus to test court-martial conviction). The rationale is simple:

> To deny collateral attack to one not in confinement—the consequence of saying that habeas corpus is the only remedy— would be to deny the possibility of review by a constitutional court, and ultimately by the Supreme Court, of the constitutional claims of servicemen ... who have not been sentenced to jail or who have been released.

*Augenblick v. United States,* 377 F.2d 586, 592, 180 Ct.Cl. 131 (1967). *See also Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). In *Avrech v. Secretary of the Navy,* 520 F.2d 100 (D.C.Cir. 1975), regarding the jurisdiction of the court to hear a matter where the individual seeking collateral review of a court-martial was not in custody, relying on *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, the court stated:

> In *Schlesinger,* the Court held that Article 76 of the UCMJ did not bar a suit in the District Court under 28 U.S.C. § 1331 to enjoin a court-martial. In addition, it noted that Article 76 cannot be read as barring all forms of relief beside habeas corpus. We view *Councilman* as the more difficult jurisdictional case (since it is an attempt to enjoin a trial) and are confident that there is jurisdiction to consider an action seeking post-conviction relief.

*Id.* at 102–103 n. 5.

Denying plaintiff access to this Court for collateral review of the constitutionality of her underlying court-martial, access to which she clearly would be entitled if custody were at issue, would be unjustifiably unfair. Accordingly, the Court finds that as a general proposition, it properly may exercise jurisdiction over the collateral attack of plaintiff's court-martial conviction. Having determined that the Court may exercise jurisdiction does not end the inquiry, however, for the Court also must determine whether it is appropriate to exercise jurisdiction under the particular circumstances of this case.

## II. *Plaintiff's claims are barred by the doctrine of waiver.*

Defendants claim that plaintiff waived the right to present her constitutional claims to this Court by failing to present them for consideration within the military justice system, specifically, before the Judge Advocate General.

The doctrine of waiver in the context of collateral attacks on court-martial proceedings was recognized by the Tenth Circuit in *Wolff v. United States,* 737 F.2d 877 (10th Cir.), *cert. denied,* 469 U.S. 1076, 105 S.Ct. 575, 83 L.Ed.2d 514 (1984). Relying on the rationale of *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Court concluded that the fail-

ure to raise issues at the court-martial bars federal relief, noting that:

> Indeed, "'the range of inquiry in acting upon applications for habeas corpus for persons confined by sentence of military courts is more narrow than in civil cases'". *Kennedy v. Commandant,* 377 F.2d 339, 342 (10th Cir.1967) (quoting *Suttles v. Davis,* 215 F.2d 760, *cert. denied,* 348 U.S. 903, 75 S.Ct. 228, 99 L.Ed. 709 (1954)). The function of civil courts in reviewing a military conviction on a petition for a writ of habeas corpus is to determine whether the military courts gave fair consideration to the petitioner's constitutional claims. *King v. Moseley,* 430 F.2d 732 (10th Cir. 1970) (citing *Burns v. Wilson,* 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953)).

*Id.* at 879.

In *Wolff,* the petitioner sought federal court review of a grant of immunity to a key witness in the court-martial proceeding. Wolff had not objected to the testimony at trial, however, and for that reason, the Court held that the failure to object waived the claim. Citing to the *Wainwright–Frady–Engle* line of cases, the Court acknowledged that if there is good cause for not having advanced a particular matter at trial, and if there is actual prejudice, federal relief might still be available. In the absence of a showing of good cause, however, the petition must be dismissed.

The Ninth Circuit ruled similarly in *Davis v. Marsh,* 876 F.2d 1446 (9th Cir.1989), analogizing the military justice system to the state court system and holding that the failure to raise an issue in the military courts bars a litigant from raising that issue in the federal courts absent a showing of cause and prejudice. Davis filed an action in district court against the Secretary of the Army and other army officials, seeking declaratory judgment voiding her court-martial, damages, and an order enjoining military officers from future sexual harassment. The district court granted the defendants' motion to dismiss and the Ninth Circuit affirmed.

In her civil suit, Davis asserted two constitutional defects in her court-martial. Although her conviction was reviewed by the Court of Military Review, she did not raise these claims in that review. The Ninth Circuit held that by failing to raise the claims before the Court of Military Review, Davis waived her right to present the claims in federal court.

> The reasons we require state defendants to raise federal constitutional issues in the state courts apply with equal force to military defendants. Collateral review undermines the finality of a court-martial as surely as it does that of a state trial.... As with state trials, the ready availability of collateral review of courts-martial may diminish the likelihood that defendants will raise constitutional issues at the court-martial itself, and thus have the perverse effect of enhancing the opportunity for constitutional error.... The difficulties of retrial, often years after the original trial, are no less significant in the military courts.... Federal intrusion into courts-martial interferes with the military's power to punish offenders no less than the corresponding intrusion into state prosecutions implicates concerns of federalism.

*Id.* at 1448 (citations omitted).

Noting that the doctrines of exhaustion and abstention have been held applicable to military convictions, the Ninth Circuit concluded that the doctrine of waiver rests on the same considerations, including respect due a parallel and independent system of justice, the desirability of resolving claims without the need for duplicative litigation, and the benefits of having constitutional decisions made in the first instance by a judge with the opportunity to view counsel, witnesses and jury.

This decision is consistent with the limited role the federal courts play in reviewing courts-martial. The military has its own customs and common law, dating back hundreds of years, an understanding of which often depends on knowledge of military life. *Parker v. Levy,* 417 U.S. 733, 743–49, 94 S.Ct. 2547, 2556–58, 41 L.Ed.2d 439 (1974) (holding *inter alia* that Article 133 of the Uniform Code of Military Justice, providing for the punishment of a commissioned officer for "conduct unbecoming an officer and a gentleman," is not unconstitutionally vague because

it has been given substance by military custom).

Plaintiff argues that the waiver doctrine should not apply to her case. She asserts that the constitutional claims were in fact submitted to the Judge Advocate General in her Application for Relief. She further claims that the Judge Advocate General's obligation to review the entire trial record, including her assertion of the constitutional claims at the trial level, preserved the issues for review by this Court.

Despite the fact that throughout her Complaint, Docket No. 1, and her Memorandum of Law, Docket No. 2, plaintiff repeatedly alleged that the constitutional issues raised in this lawsuit were presented to the Judge Advocate General and that she had therefore exhausted all available military appellate remedies, she now contends that the review by the Judge Advocate General was not a true "appeal." *See* Plaintiff's Response to Defendants' Motion to Dismiss, at 9–12. The Court interprets this change of course as an admission by plaintiff that the "Application for Relief UCMJ, Article 69" submitted on her behalf to the Judge Advocate General in fact does **not** include any reference whatsoever to her constitutional due process claims. The Application sought the vacation of the findings and sentence of plaintiff's court-martial, identifying the "specific grounds upon which relief is requested" as follows:

(1) The Military Judge erred in not requiring the prosecution to prove the additional elements of Article 134 (fraternization) as to specification $2 of the charge of Article 133.

(2) The military judge erred by refusing to allow the defense to put on evidence on the number of officer-enlisted marriages in the United States Air Force and the number of officer-enlisted marriages at F.E. Warren AFB to rebut the custom that the prosecution is required to prove

and about which they were allowed to put on evidence.

(3) The Military Judge erred in failing to grant findings of not guilty pursuant to RCM 917 as to specification $4 of the charge of Article 133.

The Application did not include any specific allegations of constitutional error. Most notably, the Application did not include any alleged violations of plaintiff's due process rights as currently alleged in her Complaint.

The materials submitted by defendants in reply to plaintiff's characterization of the § 869 review as a "non appeal" together with the allegations of plaintiff's Complaint and the summary of military justice procedure included in her Memorandum of Law, leave no doubt in the Court's mind that the § 869 review constituted an appeal for the purposes of determining the applicability of the waiver doctrine.

■ It is of no consequence to the determination of this issue that because of the character of the penalty imposed, plaintiff had limited appellate remedies available to her. She still was entitled to mandatory review of her court-martial by the Judge Advocate General, and the Judge Advocate General could have chosen to refer the matter to the Court of Military Review under § 869. Finally, plaintiff had the opportunity to proceed with a petition for relief under the All Writs Act.[4] The fact that only limited avenues of review were available to plaintiff does not justify a special finding against the applicability of the waiver doctrine.

Finally, plaintiff has failed to establish good cause as to why her constitutional claims were not specifically raised in the Application. It is undisputed that the underlying facts were known to her at the time of the Judge Advocate General's review for the claims she seeks to raise in this action clearly were raised during the course of the court-martial by means of a motion to dismiss and

---

**4.** Section 869(a) provides as follows:
(a) The record of trial in each general court-martial that is not otherwise reviewed under section 866 of this title (article 66) shall be examined in the office of the Judge Advocate General if there is a finding of guilty and the accused does not waive or withdraw his right

to appellate review under section 861 of this title (article 61). If any part of the findings or sentence is found to be unsupported in law or if reassessment of the sentence is appropriate, the Judge Advocate General may modify or set aside the findings or sentence or both.

a motion for directed verdict. Plaintiff must expressly have raised the claims within the military justice system, not merely have pointed to facts, that in her view and hindsight, support them. *See Martinez v. United States,* 914 F.2d 1486, 1489 (Fed.Cir.1990). In the absence of a showing of good cause for the failure to raise the issues as required within the military system, plaintiff is barred from presenting them for the first time before this Court.

Although plaintiff's claim based upon the exclusion of rebuttal evidence was raised in the Application to the Judge Advocate General, the Court is not persuaded that this claim rises to the level of a substantial constitutional issue. Consequently, the Court will not exercise jurisdiction over either of plaintiff's claims in the context of this collateral attack action.

## III. *Scope of Review*

 Had the Court decided in plaintiff's favor that the constitutional claims raised in this action were not barred by the doctrine of waiver, the Court still would be required to determine whether the court-martial conviction should be reviewed considering the four factors identified by the Tenth Circuit in *Dodson v. Zelez,* 917 F.2d 1250 (10th Cir. 1990). Those factors are as follows:

(1) The asserted error must be of substantial constitutional dimension;

(2) The issue must be one of law rather than of disputed fact already determined by the military tribunals;

(3) Military considerations may warrant different treatment of constitutional claims; and

(4) The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*Dodson v. Zelez,* 917 F.2d 1250, 1252–53 (10th Cir.1990) (citations omitted).

As to the first factor, the Court must decide as an essential pre-requisite to review, whether the alleged court-martial error presents a substantial claim of constitutional dimension, or whether the error was so fundamental as to have resulted in a gross miscarriage of justice. The allegation of a violation of due process would generally rise to the level of a substantial constitutional violation. The exclusion of evidence claim, normally addressed to the discretion of the trial court, does not.

The Court next must ascertain whether the issues raised are basically legal questions or disputed issues of fact. Defendants argue that plaintiff's claims involve factual determinations regarding the existence of the Air Force custom against fraternization. Plaintiff is not challenging the constitutionality of the provisions under which she was convicted. As defendants note, that issue was long ago resolved in *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Instead, she is challenging the factual existence of the Air Force custom against fraternization, and the fact that she had knowledge of the particular custom alleged in her case.

Defendants contend that prosecutions for incidents of fraternization continue to be based on custom. *See United States v. Fox,* 34 M.J. 99, 102 (C.M.A.1992); *United States v. Appel,* 31 M.J. 314, 320 (C.M.A.1990).

> Having made this choice, the Air Force must accept as a consequence the obligation to establish by proof at trial the existence and notice of the custom that has been violated.

*United States v. Appel,* 31 M.J. 314, 320 (C.M.A.1990), citing *United States v. Wales,* 31 M.J. 301 (C.M.A.1990).

The Air Force requires as a matter of law the existence of a superior/subordinate or supervisory relationship as a necessary element in fraternization cases. *United States v. Fox,* 34 M.J. 99, at 101–102. Where this added element is alleged, as in this case, the only question on appeal is whether such a relationship was proved by the evidence. *United States v. Parrillo,* 34 M.J. 112, 120 (C.M.A.1992), citing *United States v. Appel,* 31 M.J. 314 (C.M.A.1990).

Defendants note that the Military Trial Judge made the following finding:

> Accordingly, I conclude that the Accused was on fair notice that her relationships including acts of sexual intercourse with Staff Sergeant Suits, Master Sergeant Armstrong and Master Sergeant Loggins,

all of whom were assigned to the same organization as the Accused and over whom the Accused exercised or could exercise a supervisory relationship constituted fraternization and therefore conduct proscribed by the Air Force regulations and custom of the service.

Defendants' Motion to Dismiss, at 26.

Defendants assert that plaintiff is asking the Court to reweigh the evidence from the court-martial in order to determine whether she was on notice of the custom and then substitute its judgment for that of the military justice court. As such, this Court's review of that issue would involve a re-evaluation of the evidence submitted at the court-martial proceeding which this Court cannot do. Indisputably, questions of fact resolved by military courts cannot be collaterally attacked, and the Court will not reweigh the evidence presented at the court-martial in order to substitute its judgment for that of the military trial court. *Bowling v. United States,* 713 F.2d 1558, 1561 (Fed.Cir.1983) (citations omitted).

As to plaintiff's second claim, defendants contend that the exclusion of evidence is a factually specific determination beyond the scope of this Court's review in a collateral attack case.

The third factor the Court must consider is whether factors peculiar to the military or military considerations require a different constitutional standard and finally, the Court must determine whether the military courts gave full and fair consideration to plaintiff's claims and applied the proper legal standards.

There is no argument before the Court that there are factors peculiar to the military requiring a different constitutional standard. With respect to the final factor, defendants argue that plaintiff's claims were given full and fair consideration by the Judge Advocate General in his review and the Court of Military Appeals in its denial of plaintiff's petition under the All Writs Act.

> When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though

its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion.

*Watson v. McCotter,* 782 F.2d 143, 145 (10th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986) (citation omitted). Thus, if the Court had determined that plaintiff's constitutional claims were not waived before the Judge Advocate General, the Court would conclude that the claims were given full and fair consideration in the § 869 review.

Accordingly, the Court finds that under the factors enunciated by the Tenth Circuit in *Dodson,* it would not be appropriate to exercise jurisdiction over the collateral attack of plaintiff's court-martial conviction. While the due process claim regarding notice is on its face a constitutional claim of substantial constitutional dimension, the Court is persuaded that the review it is being asked to conduct would require a reweighing and re-evaluation of the evidence presented at the court-martial proceeding, a task that is well beyond the scope of judicial review allowed this Court in the collateral attack of a court-martial conviction.

## CONCLUSION

Therefore, for the reasons stated fully above,

IT IS ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED and plaintiff's Complaint is DISMISSED in its entirety.