69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Suzanne L. GREEN, n/k/a Suzanne Porters, Plaintiff-Appellant,
v.
Major General SKLUTE, The Judge Advocate General of the
United States Air Force; the Secretary of the
United States Air Force; and the United
States Air Force, Defendants-Appellees.
 No. 94-8010.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and ALARCON, Senior Circuit Judge.[2]
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 This case was originally set for oral argument on March 8, 1995. However, prior to oral argument counsel for Suzanne L. Green, the appellant, filed a motion to waive oral argument and to submit the case on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. We were advised that counsel for the appellees had no objection to such motion. After examining the briefs and appellate record, this panel determined that oral argument would not materially assist the decisional process. Accordingly, the motion was granted and the case was ordered to be submitted on the briefs and without oral argument.
 
 
 2
 This appeal is from a judgment of the district court granting defendants' motion under Fed.R.Civ.P. 12b(1) to dismiss plaintiff's complaint, which collaterally attacked plaintiff's conviction by a general court-martial.
 
 
 3
 Suzanne L. Green, a lieutenant in the United States Air Force assigned to the 4149th Communications Squadron at the F.E. Warren Air Force Base in Wyoming, was charged under the Uniform Code of Military Justice ("UCMJ") with various infractions of 10 U.S.C. 933, Conduct Unbecoming an Officer; specifically, fraternization between herself and enlisted military members of the United States Air Force under her supervision. Following an investigation pursuant to 10 U.S.C. 832, Green's case was referred to the General Court-Martial Convening Authority, which in turn referred the matter for trial by general court-martial.
 
 
 4
 At trial, Green was convicted of four charges under 10 U.S.C. 933. The court-martial imposed a penalty consisting of: (1) a reprimand; (2) forfeiture of $1,500 per month for four months; and (3) restriction to F.E. Warren Air Force Base for two months. She was shortly thereafter administratively discharged from the Air Force.
 
 
 5
 Green's conviction, and sentences, were thereafter approved by the General Court-Martial Convening Authority. Since the penalty imposed by the general court-martial involved neither dismissal nor confinement at hard labor for one year or more, Green's sole course of review was by means of a review by the Judge Advocate General, pursuant to 10 U.S.C. 869. Under this statutory provision, the Judge Advocate General shall examine the trial record of the court-martial, unless the accused waives, in the manner provided by statute, his or her right to appellate review. If any part of the findings or sentence is found to be unsupported in law, or if reassessment of the sentence is appropriate, the Judge Advocate General may modify or set aside the finding, the sentence, or both. The Judge Advocate denied all issues raised by Green's military counsel and upheld the court-martial conviction and sentence.
 
 
 6
 A Court of Military Review may review any court-martial case subject to action by the Judge Advocate General under 10 U.S.C. 869, if such review is ordered by the Judge Advocate General. In this regard, the Judge Advocate General did not order the Court of Military Appeals to review Green's court-martial. Green later filed a petition for extraordinary relief with the United States Court of Military Appeals under the All Writs Act, 28 U.S.C. 1651(a). That petition was denied.
 
 
 7
 It was in this general setting that Green instituted the present action in the United States District Court for the District of Wyoming, naming as defendants Major General Morehouse, then the Judge Advocate General of the United States Air Force, the Secretary of the United States Air Force, and the United States Air Force.[3] Jurisdiction was based on 28 U.S.C. 1331 (Federal Question), 28 U.S.C. 1361 (Mandamus), and 28 U.S.C. 2201 (Declaratory Relief). By way of relief, Green asked the district court to "[e]nter a judgment that Plaintiff's conviction by general court-martial is void, by virtue of constitutional denials of due process of law and lack of notice of proscribed conduct."
 
 
 8
 Green's complaint set forth two claims for relief. In her first claim, Green alleged that she had been denied "due process and proper notice under the United States Constitution" since the charge of "fraternization" was based on "custom," rather than statute or regulation, which did not afford her reasonable notice of the proscribed conduct. This particular matter had been presented to Green's court-martial by a motion to dismiss before the court-martial trial commenced, and by a motion for a directed verdict after the prosecution had presented its case. Both motions were denied. In her complaint in the district court, Green alleged that she had later raised the issue of "denial of notice and due process of law" in her petition under 10 U.S.C. 869 to the Judge Advocate General.
 
 
 9
 Green's second claim for relief in her complaint in district court was based on the fact that at her court-martial the military trial judge excluded, as irrelevant, certain evidence "showing there existed a substantial number of officer-enlisted married couples who were on active duty within the United States Air Force," some of whom were assigned to F.E. Warren A.F.B. Such evidence, she said, would have rebutted the prosecution's evidence showing a "custom" of prohibiting fraternization within the United States Air Force. In so doing, the military trial judge "unconstitutionally" precluded her from introducing "relevant information." Again, she alleged in her complaint in district court that this particular matter was also presented in her petition to the Judge Advocate General under 10 U.S.C. 869 as being "constitutional error."
 
 
 10
 In response to the complaint, the defendants filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), with a supporting brief. Thereafter, Green filed a response to the motion to dismiss, supported by a memorandum of law. After hearing, the district court granted the defendants' motion to dismiss for lack of subject matter jurisdiction and dismissed Green's complaint "in its entirety." The district court's order now appears as Green v. Major General Sklute, 839 F.Supp. 797 (D.Wyo.1993).
 
 
 11
 In granting the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction over the subject matter, the district court first concluded that it did have subject matter jurisdiction under 28 U.S.C. 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In thus concluding, the district court relied on Hathaway v. Secretary of the Army, 641 F.2d 1376 (9th Cir.1981).[4] This holding is not challenged on appeal.
 
 
 12
 Notwithstanding the fact that it had held that there was subject matter jurisdiction under 28 U.S.C. 1361, the district court then went on to state that it "also must determine whether it is appropriate to exercise jurisdiction under the particular circumstances of this case." Green, 839 F.Supp. at 802. In this connection, the district court concluded that Green had waived the right to present her constitutional claims in federal district court because of her failure to present them for consideration before the Judge Advocate General.
 
 
 13
 As indicated above, Green's conviction and sentence at the general court-martial were subsequently approved by the General Court-Martial Convening Authority. This action, in turn, was subject to review by the Judge Advocate General under 10 U.S.C. 869. As further indicated above, in her complaint Green alleged that the constitutional issues sought to be raised in federal district court were included in the "Application for Relief, UCMJ, Article 69," which she filed with the Judge Advocate General. We, like the district court, fail to find that the constitutional issues sought to be raised in federal district court were contained in her application for relief filed with the Judge Advocate General.
 
 
 14
 In her application for relief filed with the Judge Advocate General,[5] the issues for review were framed by Green as follows:
 
 Legal Issues
 I.
 
 15
 The military judge erred in not requiring the prosecution to prove the additional elements of Article 134 (Fraternization) as to Specification # 2 of the charge of Article 133.
 
 II.
 
 16
 The military judge erred by refusing to allow the defense to put on evidence of the number of officer-enlisted marriages in the United States Air Force and the number of officer-enlisted marriages at F.E. Warren AFB to rebut the custom that the prosecution is required to prove and about which they were allowed to put on evidence.
 
 III.
 
 17
 The military judge erred in failing to grant finding of not guilty pursuant to RCM 917 as to Specification # 4 of the charge of Article 133.
 
 
 18
 In the district court, and in this Court, Green concedes, in effect, that she did not include any claim of a constitutional deprivation, as such, in her application for relief filed with the Judge Advocate General. However, she argued in the district court, and here, that her application for relief filed with the Judge Advocate General was not really an "appeal," but, under the statute, was a "mandatory review," and that the application which she filed with the Judge Advocate General was a "nullity." Be that as it may, an application for relief was, in fact, filed, and it would seem clear that the constitutional issues sought to be raised in the federal district court were not set forth in Green's application for relief filed with the Judge Advocate General. It was on this basis that the district court concluded that it did not have subject matter jurisdiction over Green's action because she had waived her right to collaterally attack her court-martial conviction by failing to raise her claim of constitutional violations before the Judge Advocate General.[6] We agree.
 
 
 19
 A claim that was never presented in the military courts will not be considered by a district court in a collateral proceeding to set aside a general court-martial conviction of a violation of the UCMJ, absent a showing of good cause. Wolff v. United States, 737 F.2d 877 (10th Cir.1984). In the instant case, the constitutional claims raised in the district court where Green sought to have her convictions under the UCMJ vacated were asserted before the general court-martial, but were not contained in her application for relief filed with the Judge Advocate General.[7] So, the narrower question is whether the failure to present the constitutional issues to the Judge Advocate General constitutes a waiver of those issues and forecloses a district court from considering them. We hold that it does. See Lips v. Commandant, U.S. Disciplinary Barracks, 997 F.2d 808 (10th Cir.1993), where, at page 812, we said:
 
 
 20
 Because defense counsel did not make a timely and specific objection to the prosecutor's cross-examination at trial and also did not assert the issue of improper cross-examination on appeal, we deem the matter as one which was not raised in the military courts.
 
 
 21
 If Green had urged in her application for relief to the Judge Advocate General the constitutional issues pled in her complaint, she might have received relief in the military judicial system, and if she was denied relief, then she could raise them in her collateral attack on her military conviction.[8] Such result is in accord with the result which would be reached when a person attacks in federal court a state criminal conviction; i.e. a matter, though raised in the state trial court, which is not raised in the state's appellate court, cannot thereafter be raised in federal court, absent good cause. In Davis v. Marsh, 876 F.2d 1446, 1448 (9th Cir.1989), the Ninth Circuit opined that "[t]he reasons we require state defendants to raise federal constitutional issues in the state courts apply with equal force to military defendants." Continuing, the Ninth Circuit did not "see any reason for adopting [in a collateral attack on a military conviction] a waiver rule that differs in scope from that applicable to state convictions." Id. at 1449.
 
 
 22
 We recognize, as did the district court, that the military judge's exclusion of evidence was contained in the application for relief filed with the Judge Advocate General, though not couched as a constitutional issue. And we agree with the district court that this claim does not rise to the "level of a substantial constitutional issue."
 
 
 23
 The fact that we have resolved this appeal on the basis of a waiver should not be taken as an indication that, but for the waiver, Green would have prevailed on the merits of her claim. The Supreme Court in Parker v. Levy, 417 U.S. 733 (1974) held that 10 U.S.C. 933 was not unconstitutionally vague and certainly the evidence before the court-martial showed that Green had indeed "fraternized" by having consensual relationships with three enlisted personnel under her supervision. And the excluded testimony at court-martial, in addition to not presenting a constitutional issue, was totally irrelevant.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Arthur L. Alarcon, Senior Circuit Judge for the Ninth Circuit, sitting by designation
 
 
 [3]
 Major General Sklute, who succeeded Major General Morehouse as Judge Advocate General, was later substituted as a defendant
 
 
 [4]
 In Hathaway the Ninth Circuit recognized that a district court could not directly review a determination of the military courts and its authority to order the Army to upgrade Hathaway's discharge could be exercised only upon a determination that the court-martial judgment was void because of a lack of jurisdiction or some other equally fundamental defect
 
 
 [5]
 An accused entitled to review under Article 69 "may submit matters for consideration by The Judge Advocate General," which, as indicated, Green did. See Air Force Regulation 111-1, p 16-2a
 
 
 [6]
 In the district court, Green waived any claim she might have for monetary damages and she expressly waived any claim for back pay. Hence, we are not here concerned with the Little Tucker Act, 28 U.S.C. 1346(a)(2)
 
 
 [7]
 Green makes no claim in this Court that there was "good cause" for her failure to assert in her application for relief filed with the Judge Advocate General the constitutional issues which she sought to raise in federal court
 
 
 [8]
 In Martinez v. United States, 914 F.2d 1486 (Fed.Cir.1990), Martinez did not raise the issue of prosecutorial vindictiveness in violation of due process in his direct appeal to the Court of Military Review, but did attempt to raise that issue in his suit in the United States Claims Court where he sought, inter alia, reinstatement and back pay. It was Martinez' position that although he perhaps had not raised, per se, the issue of prosecutorial vindictiveness before the Court of Military Review, he had raised "aspects" of such before the Court of Military Review. In rejecting the argument, the Federal Circuit stated that "Martinez must have raised the claim itself, not merely have pointed to facts that, in his view and in hindsight, support it." Martinez, 914 F.2d at 1489