Clifford E. **GENSON**, Plaintiff-Appellant,

v.

S. Dillon **RIPLEY**, V. Clain-Stefanelli, and the Smithsonian Institution, Defendants-Appellees.

No. 81–6055.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 1982.

Decided July 23, 1982.

Certiorari Denied Oct. 12, 1982. See 103 S.Ct. 245.

---

Clifford E. Genson, in pro. per.

James Mueller, Asst. U.S. Atty., Tucson, Ariz., for defendants-appellees.

Before ANDERSON, FERGUSON and REINHARDT, Circuit Judges.

PER CURIAM:

Genson appeals from the grant of summary judgment in favor of the defendants. The individual defendants are employees of Smithsonian Institution. The dispute centers around Genson's assertion that a coin is of Gaelic origin demonstrating that Gaelic tribes reached the Western Hemisphere in the eighth century. He further contends that the curator of numismatics misclassified the coin as a "Mexican Hacienda token."

The district court granted summary judgment in favor of defendants because the two-year statute of limitations of the Federal Tort Claims Act had run.

Substantially for the reasons set forth by Judge Richey in her Order of December 18, 1981, we affirm the dismissal. However, for future guidance in this circuit, we add the following express holding:

It is uncontroverted that Genson never filed an administrative claim with the Smithsonian Institution. Without compliance with the mandatory provisions of 28 U.S.C. § 2675(a) and § 2401(b), the district court lacked jurisdiction. *See, e.g., Blain v. United States,* 552 F.2d 289, 291 (9th Cir. 1977), and *Caton v. United States,* 495 F.2d 635 (9th Cir. 1974).

Genson urges strenuously that the Smithsonian Institution is a private organization and not a federal agency within the purview of the Federal Tort Claims Act. We respectfully but emphatically disagree. In doing so, we approve the thorough en banc opinion of the District of Columbia Circuit in *Expeditions Unlimited Aquatic*

*Enterprises Inc. v. Smithsonian Institution,* 566 F.2d 289, 296 (D.C.Cir.1977 (*en banc*), *cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978). *See also, Foster v. Ripley,* 645 F.2d 1142 (D.C.Cir.1981). In *Expeditions Unlimited,* the en banc court held the Smithsonian Institution to be a federal agency for purposes of the Federal Tort Claims Act. We agree.

█ For the first time on appeal, Genson seeks to raise three new issues: (1) whether the deed of gift was a written contract under Ariz.Rev.Stat.Ann. § 12–548 (1956); (2) whether the six-year statute of limitations under Ariz.Rev.Stat.Ann. § 12–548 applies to this action, and (3) whether the district court's ruling of federal agency status violates Art. I, section 6, clause 2 of the United States Constitution. We decline review of those issues. *See, e.g., United States v. Valley National Bank,* 524 F.2d 199, 201 (9th Cir. 1975).

The decision of the district court is AFFIRMED.