**Louise POLCARI, Plaintiff,**

v.

**JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, Defendant.**

**Civ. A. No. 88–2853.**

United States District Court, District of Columbia.

May 3, 1989.

Perry A. Hilbert and Allan Sosslau, Greenbelt, Md., for plaintiff.

Andrew H. Marks and Nancy J. Spencer of Crowell & Moring, Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

In the above-entitled suit, plaintiff is suing the John F. Kennedy Center for the Performing Arts for damages associated with injuries she allegedly sustained when she slipped on some water in a restroom at the Kennedy Center. Plaintiff claims that the Kennedy Center's employees acted negligently in failing to discover, block off, remove, or warn of the dangerous condition allegedly causing her injury.

Now before the Court is defendant's motion to dismiss this suit pursuant to Fed.R. Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Defendant maintains that the Kennedy Center is a federal agency within the meaning of the Federal Tort Claims Act ("FTCA") and, therefore, a FTCA claim against the United States is plaintiff's exclusive remedy. Upon consideration of defendant's motion, the supporting and opposing legal memoranda, and the underlying law, the Court will grant defendant's motion.

Plaintiff does not dispute that the FTCA provides the exclusive remedy for personal injuries caused by the negligent acts or omissions of federal employees while acting within the scope of their employment. 28 U.S.C. § 2679(a). Instead, plaintiff invoked the Court's diversity jurisdiction to file this suit directly against the Kennedy Center because plaintiff was not certain that the Kennedy Center was a "federal agency" within the meaning of the FTCA.[1]

The Court of Appeals for this Circuit has held that the Smithsonian Institution is a federal agency within the meaning of the FTCA. *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution,* 566 F.2d 289, 296 (D.C.Cir.1977), *cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978). The Court of Appeals reasoned that "[a]lthough the Smithsonian has a substantial private dimension, ... the nature of its function as a national museum and center of scholarship, coupled with the substantial governmental role in funding and oversight, make the institution an 'independent establishment of the United States,' within the 'federal agency' definition." *Id.*[2]

Based on the factors relied upon in *Expeditions Unlimited,* the Court concludes that the Kennedy Center constitutes a federal agency covered by the FTCA. This

---

1. It should be noted that this suit arises out of the same nucleus of operative facts as *Polcari v. United States,* C.A. 88–2374. That suit differs from this suit in that it is a FTCA suit against the United States. Plaintiff's lawyer filed this suit in addition to that suit "as a precaution" because he maintains that several individuals at the Kennedy Center and the Department of Interior told him that the Kennedy Center is "a private foundation which [is] separate and independent from the federal government." *Plaintiff's Reply to Defendant's Motion to Dismiss* at 1–2.

2. The Federal Tort Claims Act defines the term "federal agency" as including:

the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

28 U.S.C. § 2671.

conclusion logically flows from the reasoning of the Court of Appeals in *Expeditions Unlimited* since the Kennedy Center was established, by statute, as a bureau of the Smithsonian Institution, which was clearly found in that case to be a federal agency within the meaning of the FTCA. 20 U.S.C. §§ 76h *et seq.*

Moreover, even putting aside Kennedy Center's connection to the Smithsonian, the Center nonetheless qualifies as a federal agency because of its national function as well as the Government's substantial funding and oversight of its functions. In addition to being a cultural center for the nation, the Kennedy Center is "the sole national memorial to the late John Fitzgerald Kennedy within the city of Washington and its environs." 20 U.S.C. § 76q. There is substantial government oversight of the Kennedy Center's performance of these national functions as the Center is governed by a Board of Trustees comprised of thirty general trustees appointed by the President of the United States and fifteen *ex officio* members, the vast majority of whom hold high positions in the federal government. 20 U.S.C. § 76h. This Board must report annually to Congress and the Smithsonian Institution on the Center's operations and finances. 20 U.S.C. § 76*l* (c). Finally, the Kennedy Center receives funding from the federal government for "maintenance, security, information, interpretation, janitorial and all other services necessary to the nonperforming arts functions of the John F. Kennedy Center for the Performing Arts." 20 U.S.C. § 76*l* (e).

Accordingly, it is, by the Court, this 1st day of May, 1989,

ORDERED that defendant's motion to dismiss the above-entitled suit pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction shall be, and hereby is, granted.