Mychelle DAVIS, Plaintiff–Appellant,

v.

John O. MARSH, Secretary of the Army; et al., Defendants–Appellees.

No. 85–1547.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 1989.

Decided June 12, 1989.

---

Mychelle Davis, Berkeley, Cal., pro per.

George Christopher Stoll, Asst. U.S. Atty., San Francisco, Cal., and Benjamin P. Dean, Washington, D.C., for defendants-appellees.

Before CHOY, WIGGINS and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

The military justice system is independent of the federal court system, with its own source in the constitution, its own rules of procedure and its own doctrines of substantive law. When individuals punished by courts-martial seek redress in the federal courts, the military justice system is thus often analogized to state court systems. *See, e.g., Noyd v. Bond,* 395 U.S. 683, 693–94, 89 S.Ct. 1876, 1882–83, 23 L.Ed.2d 631 (1969); *Gusik v. Schilder,* 340 U.S. 128, 131–32, 71 S.Ct. 149, 151–52, 95 L.Ed. 146 (1950). In this case, we consider whether to continue the analogy: Does the failure to raise an issue in the military courts bar a litigant from raising that issue, absent a showing of cause and prejudice, when collaterally attacking a court-martial?

I

Mychelle Davis, then an enlisted member of the United States Army, was tried in 1981 by a special court-martial[1] for striking a superior non-commissioned officer, being disrespectful to a superior non-commissioned officer who was in the execution of his office, willfully disobeying orders from a superior non-commissioned officer and leaving her appointed place of duty without authority. She was represented by appointed military counsel. Despite her contention that the incident giving rise to these allegations was the result of sexual harassment by her superior officer, Davis was convicted of all charges.

Davis, represented by two appointed military attorneys who had not been involved in the court-martial, raised only one issue on appeal to the Court of Military Review: She claimed that the military judge had erred by failing to explain the military legal concept of "divestiture" to a member of the court-martial.[2] The Court of Military Review affirmed her conviction. The Court

---

1. A special court-martial is one of three types of military court-martial. 10 U.S.C. § 816 (1982 & Supp. IV 1986). It can consist of either (a) not less than three members, (b) a military judge and not less than three members or (c) only a military judge, if the accused so requests. *Id.* § 816(2). Special courts-martial have jurisdiction to try cases involving any noncapital offense made punishable by the Uniform Code of Military Justice, but may impose only certain limited punishments. *Id.* § 819 (1982).

2. The doctrine of divestiture is unique to the military justice system: Where the commission of an offense depends on the victim's superior rank to the accused, it is a defense in some circumstances that the victim, through words or actions, divested himself of his status as a superior. *See* D. Schlueter, *Military Criminal Justice: Practice and Procedure* § 2–3(C) (2d ed.1987); United States Dep't of Defense, *Manual for Courts–Martial, United States, 1984,* part IV, ¶ 13c(5).

of Military Appeals, the highest court in the military justice system, denied review.[3]

On June 22, 1984, Davis filed suit in district court against the Secretary of the Army and other army officials, seeking three forms of relief: (A) a declaratory judgment voiding her court martial; (B) damages; and (C) an order enjoining military officers from future sexual harassment. The district court granted the defendants' motion to dismiss the complaint, *Davis v. Marsh,* No. C–84–4180–EFL (N.D. Cal. June 18, 1985), a judgment we review de novo. *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987).

## II

### A. Declaratory Relief

■ With the exception of the Supreme Court's limited certiorari jurisdiction, *see* note 3 *supra,* Article III courts lack authority to review court-martial determinations directly. *Schlesinger v. Councilman,* 420 U.S. 738, 746, 95 S.Ct. 1300, 1307, 43 L.Ed.2d 591 (1975). Such determinations must, however, be consistent with the Constitution and within the authority of the court-martial; they are thus collaterally reviewable for constitutional or jurisdictional error. *Id.* at 746–48, 95 S.Ct. at 1307–08; *Hatheway v. Secretary of the Army,* 641 F.2d 1376, 1380 (9th Cir.), *cert. denied,* 454 U.S. 864, 102 S.Ct. 324, 70 L.Ed.2d 164 (1981).[4]

Davis claims that her court-martial suffered from two constitutional defects: (1) she was denied the effective assistance of counsel; and (2) she was denied due process because blacks and women were excluded from the court-martial panel. She did not raise these claims at either level of

appeal in the military court system. Were Davis seeking to attack a state court conviction under analogous circumstances, she would be deemed to have waived these issues absent a showing of cause and prejudice. *Engle v. Isaac,* 456 U.S. 107, 124–29, 102 S.Ct. 1558, 1570–73, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 86–91, 97 S.Ct. 2497, 2506–09, 53 L.Ed.2d 594 (1977). We have never considered whether the rule enunciated in *Isaac* and *Sykes* should apply equally to challenges to military convictions.

■ We conclude that it should. The reasons we require state defendants to raise federal constitutional issues in the state courts apply with equal force to military defendants. Collateral review undermines the finality of a court-martial as surely as it does that of a state trial. *See Isaac,* 456 U.S. at 126–27, 102 S.Ct. at 1571–72; *Sykes,* 433 U.S. at 88–90, 97 S.Ct. at 2507–08. As with state trials, the ready availability of collateral review of courts-martial may diminish the likelihood that defendants will raise constitutional issues at the court-martial itself, and thus have the perverse effect of enhancing the opportunity for constitutional error. *See Isaac,* 456 U.S. at 127, 102 S.Ct. at 1571; *Sykes,* 433 U.S. at 89–90, 97 S.Ct. at 2507–08. The difficulties of retrial, often years after the original trial, are no less significant in the military courts. *See Isaac,* 456 U.S. at 127–28, 102 S.Ct. at 1571–72. Federal intrusion into courts-martial interferes with the military's power to punish offenders no less than the corresponding intrusion into state prosecutions implicates concerns of federalism. *See id.* at 128, 102 S.Ct. at 1572; *see also* Rosen, *Civilian Courts and the Military Justice System: Collateral*

---

**3.** Some decisions of the Court of Military Appeals are reviewable by the United States Supreme Court on writ of certiorari, but denials of review are not among them. 28 U.S.C. § 1259 (Supp. IV 1986). The Court of Military Appeals' denial of Davis' petition for review thus constituted a final and unappealable decision.

**4.** Although the most common method of collaterally attacking a court-martial is to petition for a writ of habeas corpus, *Schlesinger v. Council-*

*man,* 420 U.S. 738, 747, 95 S.Ct. 1300, 1307–08, 43 L.Ed.2d 591 (1975), other procedural routes seem to be available as well, including suits for backpay under the Tucker Act, *see, e.g., United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969), and suits for declaratory relief, *see, e.g., Hatheway v. Secretary of the Army,* 641 F.2d 1376 (9th Cir.), *cert. denied,* 454 U.S. 864, 102 S.Ct. 324, 70 L.Ed.2d 164 (1981).

*Review of Courts–Martial,* 108 Mil.L.Rev. 5, 80 (1985).

Moreover, two analogous doctrines regarding collateral review of state convictions, those of exhaustion and abstention, have been held applicable to military convictions. Military prisoners must exhaust military remedies before seeking relief in federal court. *Gusik v. Schilder,* 340 U.S. 128, 131–32, 71 S.Ct. 149, 151–52, 95 L.Ed. 146 (1950) (analogizing from 28 U.S.C. § 2254). Federal courts must refrain from using their equitable powers to intervene in military prosecutions except under extraordinary circumstances. *Schlesinger v. Councilman,* 420 U.S. 738, 753–58, 95 S.Ct. 1300, 1310–13, 43 L.Ed.2d 591 (1975) (analogizing from *Younger v. Harris,* 401 U.S. 37, 43–54, 91 S.Ct. 746, 750–55, 27 L.Ed.2d 669 (1971)). The doctrine of waiver rests on many of the same considerations underlying the doctrines of exhaustion and abstention, including the respect due a parallel and independent system of justice, the desirability of resolving claims without the need for duplicative litigation, and the benefits of having constitutional decisions made in the first instance by a judge with the opportunity to view counsel, witnesses and jury. *See Isaac,* 456 U.S. at 127–29, 102 S.Ct. at 1571–73; *Sykes,* 433 U.S. at 88–90, 97 S.Ct. at 2507–08; *Rose v. Lundy,* 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203–04, 71 L.Ed.2d 379 (1982); *Harris,* 401 U.S. at 43–47, 91 S.Ct. at 750–52. This similarity suggests that waiver is a doctrine equally amenable to importation from collateral review of state convictions to collateral review of military convictions.

Our conclusion is consistent with the limited role federal courts play in reviewing courts-martial. The military has its own customs and common law, dating back hundreds of years, an understanding of which often depends on knowledge of military life. *Parker v. Levy,* 417 U.S. 733, 743–49, 752–57, 94 S.Ct. 2547, 2555–58, 2559–62, 41 L.Ed.2d 439 (1974) (holding *inter alia* that Article 133 of the Uniform Code of Military Justice, providing for the punishment of a commissioned officer for "conduct unbecoming an officer and a gentleman," is not unconstitutionally vague because it has been given substance by military custom). In order to work effectively, moreover, the military must enforce a respect for discipline that would be wholly intolerable in civilian life. *See Goldman v. Weinberger,* 475 U.S. 503, 507, 106 S.Ct. 1310, 1313, 89 L.Ed.2d 478 (1986); *Councilman,* 420 U.S. at 757–58, 95 S.Ct. at 1312–13. Federal courts accordingly play a supervisory role even more limited than they play with respect to state courts: Final judgments of the military courts are not subject to direct review by any article III court, including the Supreme Court, except in certain narrowly defined circumstances. 28 U.S.C. § 1259 (Supp. IV 1986); *Councilman,* 420 U.S. at 746, 95 S.Ct. at 1307.

Nor do we see any reason for adopting a waiver rule that differs in scope from that applicable to state convictions. Adoption of a less exacting waiver rule would have the anomalous result of requiring federal courts to review military convictions more intrusively than state convictions. This would make little sense in light of the Supreme Court's repeated admonitions that we accord even more deference to military court determinations than to those of state courts. *See, e.g., Noyd v. Bond,* 395 U.S. 683, 694, 89 S.Ct. 1876, 1882–83, 23 L.Ed.2d 631 (1969) ("In reviewing military decisions, we must accommodate the demands of individual rights and the social order in a context which is far removed from those which we encounter in the ordinary run of civilian litigation, whether state or federal."); *Burns v. Wilson,* 346 U.S. 137, 142, 73 S.Ct. 1045, 1048–49, 97 L.Ed. 1508 (1953) ("In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings").

On the other hand, adoption of a waiver rule *more* strict than that enunciated in *Sykes* would erode to the vanishing point the limited jurisdiction federal courts do have to review courts-martial for constitutional error. If one convicted by a court-martial were completely barred from raising a constitutional claim by having failed to raise it in the military courts, even

where good cause could be shown for that failure, it is not difficult to imagine the potential for serious injustice. The *Sykes* cause-and-prejudice exception guarantees that the waiver rule "will not prevent a federal habeas court from adjudicating for the first time the federal constitutional claim of a defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice." *Sykes*, 433 U.S. at 91, 97 S.Ct. at 2508.

Research discloses only one published opinion addressing the question before us. *Wolff v. United States*, 737 F.2d 877 (10th Cir.), *cert. denied*, 469 U.S. 1076, 105 S.Ct. 575, 83 L.Ed.2d 514 (1984), without much discussion, concluded that the *Sykes* waiver rule applies equally to challenges to a court-martial. *Id.* 737 F.2d at 879. We see no reason to part company with our sister circuit. While the analogy between the military justice system and a state court system is not perfect, the two are sufficiently congruent to justify adopting an identical waiver rule. Davis' failure to raise her federal constitutional claims in the military court system thus bars her from raising them in federal court, absent a showing of cause and prejudice.

Davis has not made such a showing. Although the military justice system provides an adequate mechanism for redressing claims of constitutional error at a court-martial,[5] in this case including a second set of appointed attorneys to examine the record for any errors overlooked by trial counsel, Davis did not raise her claims in the military courts, and has not shown good cause (or, indeed, any cause) for her failure to do so. Although ineffective assistance of counsel can constitute cause for procedural default, *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986), neither trial nor appellate counsel's failure to raise the panel composition claim, nor appellate counsel's failure to raise the claim of ineffective assistance of trial counsel, comes close to being "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690, 104

S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). It would have been frivolous to raise the panel composition claim: The evidence suggests that the court-martial in fact included one white woman and one black man. Davis' other claims of ineffective assistance on the part of trial counsel, which appellate counsel was assertedly ineffective for failing to raise, are equally without merit, and thus cannot constitute cause. *See Carrier*, 477 U.S. at 492, 106 S.Ct. at 2648 ("Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial."); *White v. Lewis*, 874 F.2d 599, 604 (9th Cir.1989). The district court was thus correct in dismissing Davis' claim for declaratory relief.

**B. Damages**

■ Davis sought damages for the alleged sexual harassment under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The district court correctly determined that she cannot recover under either theory. Tort claims under the FTCA must be presented to the appropriate federal agency within two years of their accrual. 28 U.S.C §§ 2401, 2675 (1982). Having failed to do so, Davis is barred from bringing suit under the FTCA. *Genson v. Ripley*, 681 F.2d 1240, 1241 (9th Cir.) (per curiam), *cert. denied*, 459 U.S. 937, 103 S.Ct. 245, 74 L.Ed.2d 193 (1982). *Bivens* is of no assistance to Davis either, as it does not provide enlisted military personnel a cause of action against a superior officer. *Chappell v. Wallace*, 462 U.S. 296, 304, 103 S.Ct. 2362, 2367–68, 76 L.Ed. 2d 586 (1983). We thus need not consider whether Davis is barred by her court-martial conviction from seeking damages.

**C. Injunctive Relief**

■ Davis has been discharged from the army. She thus lacks standing to seek injunctive relief, as she has virtually no chance of suffering future sexual harass-

---

**5.** *See generally* D. Schlueter, *supra* note 2, at ch. 16.

ment by army officers. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 1666–67, 75 L.Ed.2d 675 (1983); *LaDuke v. Nelson,* 762 F.2d 1318, 1323–25 (9th Cir.1985), *modified on other grounds,* 796 F.2d 309 (9th Cir.1986). As with the claim for damages, we need not consider whether the court-martial's outcome bars Davis from seeking injunctive relief.

### III

Davis is unable to obtain declaratory, monetary or injunctive relief as a matter of law. We therefore affirm the judgment of the district court.