999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Takeo SHIGETA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15316.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 9, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Takeo Shigeta appeals pro se the district court's denial of his motion for reinstatement of his action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In his complaint, Shigeta attempted to state a claim against the United States regarding Katherine Hatsumi Watanabe's death in 1956. The district court found that this action was time barred by the Federal Tort Claims Act and entered judgment in favor of the United States.
 
 
 4
 Shigeta failed to file a timely notice of appeal from the district court's judgment. See Fed.R.App.P. 4(a)(1); Alexander v. Sacha, 439 F.2d 742 (9th Cir.1971) (requirement of a timely notice of appeal is jurisdictional). Consequently, this court's appellate jurisdiction is limited to review of the district court's denial of the motion for reinstatement. See Wages v. Commissioner, 915 F.2d 1230 (9th Cir.1990) (appeal from denial of a motion to reconsider does not reach underlying judgment).
 
 
 5
 Shigeta contends that the district court erred in denying his motion to reinstate this action. We disagree. This court reviews the district court's denial of a motion brought pursuant to Fed.R.Civ.P. 60(b) for an abuse of discretion. McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir.1987); Swimmer v. Commissioner, 811 F.2d 1343, 1345 (9th Cir.1987). The district court dismissed this action because it was barred by the Federal Tort Claims Act. See 28 U.S.C. § 2401. Section 2401(b) provides that a tort claim against the United States is forever barred unless it is presented in writing to the appropriate agency within two years after the claim accrues. The requirement of § 2401(b) is jurisdictional. See Davis v. Marsh, 876 F.2d 1446, 1450 (9th Cir.1989); Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir.1984). If this requirement is not met, the action is time barred. Id.; see also 28 U.S.C. § 2675. Here, there is no evidence in the record that this claim was presented to the appropriate federal agency within two years after the claim accrued. Because appellant's claim is time barred, the district court did not abuse its discretion in denying the motion to reinstate this action.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3