47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin L. RAZZOLI, Petitioner-Appellant,
v.
John R. SULLIVAN, Respondent-Appellee.
 No. 94-55645.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Kevin Razzoli appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 habeas petition challenging his 1987 military conviction for attempted murder and attempted kidnapping. We have jurisdiction under 28 U.S.C. Sec. 2253 and affirm.
 
 
 3
 We review de novo the district court's denial of Razzoli's habeas petition. See Davis v. Marsh, 876 F.2d 1446, 1448 (9th Cir.1989). A federal court may review court-martial convictions only for constitutional or jurisdictional error. Id.
 
 
 4
 In his petition, Razzoli contended that he was denied a fair trial because: (1) the prosecution knowingly allowed its chief witness, Richard Delatorre, to lie about the existence of a plea agreement, thereby depriving Razzoli of impeachment evidence in violation of Giglio v. United States, 405 U.S. 150 (1972); and (2) the evidence was insufficient to support the conviction for attempted kidnapping.
 
 
 5
 Razzoli never raised these claims in the military court system. Thus, they may not be considered in a federal habeas proceeding unless Razzoli can demonstrate cause for and prejudice from his failure to raise these claims previously. See Davis, 876 F.2d at 1448-50.
 
 
 6
 Razzoli argues that cause exists because he was unable to obtain his court file until after his appeals were exhausted, and only learned then that Delatorre had given false testimony about whether he had entered into a plea agreement with the government in exchange for testimony against Razzoli. The record shows, however, that Delatorre was questioned on both direct and cross-examination about his plea agreement with the government, which related to drug charges, and that Delatorre admitted on cross-examination that the plea agreement had not been signed until after the attempted murder. Delatorre also admitted that he was testifying under a grant of immunity concerning his role in the attempted kidnapping and murder. Thus, the record shows that the defense had the information neccessary to impeach Delatorre. Razzoli has failed to show that any evidence was withheld that prevented him from impeaching Delatorre, or from raising this issue on appeal. Moreover, because Delatorre was thoroughly impeached, Razzoli cannot show prejudice from the alleged suppression of the plea agreement.
 
 
 7
 Razzoli also points to newly discovered evidence as cause for his failure to challenge on appeal the sufficiency of the evidence to support his conviction for attempted kidnapping. Specifically, Razzoli asserts that the victim identified Delatorre, rather than Razzoli, as his assailant, at a bail hearing for William Jordan, an accomplice who was tried separately. The record shows that the victim, who testified at trial that Razzoli was his assailant and who gave a sworn statement to that effect, merely failed to correct the judge conducting the bail hearing when the judge misspoke. The victim stated that he stood by his sworn declaration identifying Razzoli as his assailant.
 
 
 8
 Because Razzoli failed to show cause and prejudice for failing to raise his federal constitutional claims in the military court system, the district court properly denied his habeas petition. See Davis, 876 F.2d at 1450.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, petitioner's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3