**Bijoy MISRA, Plaintiff,**

v.

**SMITHSONIAN ASTROPHYSICAL OBSERVATORY, Defendant.**

No. Civ.A.98–11998–JLT.

United States District Court,
D. Massachusetts.

April 11, 2000.

30

George F. Gormley, Gormley & Colucci, P.C., Boston, MA, for Bijoy Misra, Plaintiff.

Bijoy Misra, Cambridge, MA, Plaintiff, pro se.

Rayford A. Farquhar, United States Attorney's Office, Boston, MA, for Smithsonian Astrophysical Observatory, I. Michael Heyman, Defendants.

*MEMORANDUM*

TAURO, District Judge.

Defendant moves for summary judgment on grounds that Plaintiff has failed to exhaust his federal administrative remedies as a prerequisite to bringing this Title VII lawsuit. For reasons set forth below, the motion is ALLOWED.

## I.

Defendant, the Smithsonian Astrophysical Observatory ("SAO"), was established as part of the Smithsonian Institute ("Smithsonian") to conduct research in astrophysics and related space sciences. The Smithsonian employs both "federal employees," who are paid from federal funds, and "Trust Fund" employees, who are paid from Smithsonian Trust funds. Plaintiff, Bijoy Misra, is an Indian man and a former "Trust Fund" employee of SAO, who brings this Title VII discrimination claim.

Plaintiff alleges that Defendant employed him as a Computer Scientist until he was "laid off" in December 1992. Plaintiff understood from the Director of SAO that he would be rehired. SAO has rehired two other persons who were "laid off" at the same time as Plaintiff, but SAO has not rehired Plaintiff, even though Plaintiff has applied for eight different positions with SAO for which he is qualified. In June 1996, Plaintiff applied to SAO for the position of Computer Specialist, but was not called for an interview. In August 1998, Plaintiff applied to SAO for the position of Grade 14 Supervisory Computer Specialist, but was told by SAO that the position already had been filled. Plaintiff then brought this suit.

## II.

A federal employee alleging discrimination in federal employment under Title VII must exhaust his administrative remedies as a prerequisite to bringing suit in federal district court. *See Brown v.*

*General Services Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Exhaustion includes complying with federal regulations governing the processing of complaints. *See Jensen v. Frank,* 912 F.2d 517, 520 (1st Cir.1990). These regulations require, among other prerequisites to filing a federal lawsuit, that the federal employee contact an Equal Employment Opportunity counselor within thirty days of the alleged discriminatory event. *See* 29 C.F.R. § 1613.214. Plaintiff admits he did not contact an EEO counselor within the requisite contact period. Applied to Plaintiff, then, the exhaustion requirement bars his suit in this court.

■ Plaintiff asserts that he is not subject to the exhaustion requirement because the Smithsonian is not a "federal agency." All federal courts that have considered the issue, however, have held that the Smithsonian is a "federal agency" within the meaning of the Federal Tort Claims Act ("FTCA") and for Title VII purposes and that the Smithsonian's employees thus are "federal employees" subject to federal administrative exhaustion requirements. *See Johnson v. Smithsonian Institution,* 189 F.3d 180, 189 (2nd Cir.1999); *Genson v. Ripley,* 681 F.2d 1240, 1241–42 (9th Cir. 1982); *Expeditions Unlimited Aquatic Enter. v. Smithsonian Institution,* 566 F.2d 289, 296 (D.C.Cir.1977); *Alston v. Heyman,* 1999 WL 4903, *2 (S.D.N.Y. 1999); *Polcari v. John F. Kennedy Center for the Performing Arts,* 712 F.Supp. 230, 231 (D.D.C.1989). These courts have reasoned persuasively that the Smithsonian is properly deemed a federal agency because of the "nature of its function as a national museum and center of scholarship, coupled with the substantial governmental role in funding and oversight. . . ." *Expeditions Unlimited Aquatic Enter.,* 566 F.2d at 296.

Plaintiff seems to argue that his former status as a "Trust Fund" employee of SAO renders the exhaustion requirement inapplicable to his lawsuit. The courts have not distinguished, however, between "Trust Fund" and "federal" em-

ployees in the federal agency analysis. *See id.* The Smithsonian Staff Handbook for Equal Opportunity ("Staff Handbook"), moreover, sets forth the Smithsonian's procedures governing the processing of discrimination complaints, and contains regulations which apply to every Smithsonian "employee or applicant for employment with the Smithsonian," irrespective of their status as a "Trust Fund" or "federal" employee or applicant. *See* Staff Handbook, ch. 10–2 (citing 29 C.F.R. § 1613.212).

### III.

For the foregoing reasons, the court concludes that Plaintiff has failed to exhaust his federal administrative remedies as a prerequisite to bringing this lawsuit. Defendant's motion for summary judgment is ALLOWED.