# United States Court of Appeals
## For the First Circuit

---

No. 00-2013

BIJOY MISRA,

Plaintiff, Appellant,

v.

SMITHSONIAN ASTROPHYSICAL OBSERVATORY;
I. MICHAEL HEYMAN,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

---

Before

Torruella, Chief Judge,

Stahl, Senior Circuit Judge,

Boudin, Circuit Judge.

---

Christie M. Charles, with whom George F. Gormley, was on brief, for appellant.
Cynthia W. Lie, with whom Donald K. Stern, United States Attorney, and Rayford A. Farquhar, Assistant U.S. Attorney, were on brief, for appellees.

May 3, 2001

**TORRUELLA, Chief Judge.** The Smithsonian Astrophysical Observatory ("SAO") was established as part of the Smithsonian Institution ("Smithsonian") to conduct research in astrophysics and related space sciences. Smithsonian employees are paid from one of two sources: federal funds or funds controlled by the Smithsonian Trust, a private entity. Bijoy Misra, a computer scientist of Indian origin, worked as a "trust fund" employee of the SAO until he was laid off in 1992. Although Misra understood that he was to be rehired shortly, he was subsequently turned down for eight different positions for which he was qualified. Misra then brought this Title VII claim alleging that the SAO had discriminated against him in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. The district court granted summary judgment for the SAO, concluding that the court lacked subject matter jurisdiction over the claim due to Misra's failure to exhaust his administrative remedies. Misra v. Smithsonian Astrophysical Observatory, No. 98-11998 (D. Mass. Apr. 11, 2000). We agree and affirm the decision of the district court.

## DISCUSSION

Under the principle of sovereign immunity, individuals may not sue the United States without its consent. United States v. Mitchell, 463 U.S. 206, 212 (1983) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). This immunity extended to suits brought under the Civil Rights Act of 1964 (the "Act"). See Brown v. Gen.

-3-

Servs. Admin., 425 U.S. 820, 825 (1976) (indicating that § 2000e(b), which covers "employers," does not include the federal government). In 1972, Congress amended the Act to waive the federal government's sovereign immunity for employment discrimination actions against various federal agencies and institutions and to permit federal court jurisdiction over such violations. 42 U.S.C. § 2000e-16(a); see Brown, 425 U.S. at 829. Congress also outlined, as a condition of this waiver, a series of administrative remedies which a claimant must exhaust before filing suit in federal court. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94 (1990); Brown, 425 U.S. at 833-34. Under the amended Act, § 2000e-16(a) "provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown, 425 U.S. at 835.

The Smithsonian is a federal agency which enjoys sovereign immunity from suit. Cf. Expeditions Unlimited Aquatic Enters. v. Smithsonian Inst., 566 F.2d 289, 296-97 (D.C. Cir. 1977) (finding that the Federal Tort Claims Act, which waives sovereign immunity for tort actions against the federal government, applies to the Smithsonian); accord Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999); Genson v. Ripley, 681 F.2d 1240, 1241-42 (9th Cir. 1982); see also 20 U.S.C. §§ 41-47 (establishing Smithsonian charter). With respect to employment discrimination, courts in the past have grappled with the question of whether Title VII offered a remedy for Smithsonian

-4-

employees. See, e.g., Rivera v. Heyman, 157 F.3d 101, 102 (2d Cir. 1998) (reviewing a district court's decision that the Rehabilitation Act, which adopts the remedies of the Civil Rights Act, did not provide relief for employees of the Smithsonian because it was not an "executive agency").[1] This ambiguity was resolved when Congress passed the Workforce Investment Act of 1998, Pub. L. No. 105-220, 112 Stat. 936 Sec. 341(a) (1998), which amended § 2000e-16(a) to include the Smithsonian.[2] In doing so, Congress explicitly waived the Smithsonian's

---

[1] The original language of § 2000e-16(a) read as follows:

> All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Rate Commission, in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the legislative and judicial branches of the Federal Government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-16(a) (1972). Since the Smithsonian was not identified in the statute, the district court in Rivera analyzed whether it fit any of the other named categories. See Rivera v. Heyman, 982 F. Supp. 932, 937-39 (S.D.N.Y. 1997). The issue was moot on appeal as the Workforce Investment Act had been by then passed. See Rivera, 157 F.3d at 103-04.

[2] The Workforce Investment Act also amended the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a(a), and the Rehabilitation Act

sovereign immunity with respect to Title VII claims. Like all other entities listed in that provision, the Smithsonian may only be sued in federal court if the aggrieved employee or applicant for employment has exhausted all available administrative remedies.

Misra contends that he is not subject to the exhaustion requirement because he is paid out of the Smithsonian Trust, not from federal funds. In effect, Misra reasons that because he is paid from private monies, the Smithsonian should be treated as a private institution with respect to his claim. This is simply not so. The doctrine of sovereign immunity focuses on the nature of the entity being sued, not on the claimant. As such, Misra's employment status does not have any effect on the sovereign immunity enjoyed by the Smithsonian or the conditions that must be met in order for that immunity to be waived. In fact, the only question with regard to Misra's employment is whether he is included in the class of persons to whom Congress has given permission to sue the Smithsonian for Title VII violations. See 42 U.S.C. § 2000e-16(a) (allowing "employees or applicants for employment" to bring suit). Since § 2000e-16(a) is the exclusive remedy for such individuals, Brown, 425 U.S. at 835, accepting Misra's argument that he is not a "federal employee" (and hence not subject to that provision) would only lead to the conclusion

of 1973, 29 U.S.C. § 791. Workforce Investment Act Sec. 341(b)-(c) (1998). The amendments apply retroactively to any claims brought before their passage. Id. at Sec. 341(d).

that he has no remedy at all.  Cf. Rivera, 157 F.3d at 102 (noting that to have an action anywhere, an employee of the Smithsonian must have a remedy under the provision waiving sovereign immunity).

We hold that to bring his Title VII claim against the Smithsonian in federal district court, Misra was required to exhaust his administrative remedies.  Since he concedes that he did not do so, the district court lacked subject matter jurisdiction over his action.

We **affirm**.