**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<table>
<tr><td>

VARUN K. NARULA, Captain,

          Petitioner - Appellant,

    v.

JOHN YAKUBISIN, Commander, Naval
Consolidated Brig, Miramar, CA,

          Respondent - Appellee.

</td><td>

No. 15-55658

D.C. No. 3:13-cv-03100-JAH-KSC

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted May 4, 2016
Pasadena, California

Before: FISHER, M. SMITH and NGUYEN, Circuit Judges.

Petitioner Varun K. Narula appeals the district court's judgment dismissing

his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  We have

jurisdiction under 28 U.S.C. §§ 1291, 2253(a), we review de novo, *see Sacora v.*

*Thomas*, 628 F.3d 1059, 1065 (9th Cir. 2010), and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Narula's constitutional claims are barred because he failed to exhaust his remedies in the military courts. Narula did not raise the issue of unconstitutional joinder either in the military trial court or on direct appeal in the United States Air Force Court of Criminal Appeals (AFCCA). He did challenge the constitutionality of Article 120 of the Uniform Code of Military Justice in the military trial court, but he failed to raise the issue on direct appeal in the AFCCA.

"Military prisoners must exhaust military remedies before seeking relief in federal court." *Davis v. Marsh*, 876 F.2d 1446, 1449 (9th Cir. 1989) (citing *Gusik v. Schilder*, 340 U.S. 128, 131-32 (1950)). Absent a showing of cause and prejudice, constitutional challenges to court-martial convictions are waived when not raised on direct appeal in the military courts. *See id.* at 1448-50. Narula does not attempt to establish cause and prejudice, and his argument that enforcement of the exhaustion requirement would result in a fundamental miscarriage of justice is unavailing absent any new evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 314-17, 324 (1995). Finally, Narula's reliance on *Calley v. Callaway*, 519 F.2d 184 (5th Cir. 1975), is misplaced because that case concerns the scope of federal habeas review of previously exhausted claims. *See id.* at 199 ("We are more concerned here . . . with the extent to which federal courts may review the validity of claims that errors in the military trial deprived the accused of due

2

process of law, *when the military courts have previously considered and rejected the same contentions*." (emphasis added)).

    **AFFIRMED.**