**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID TILLERY,

             Petitioner-Appellant,

   v.

J. T. SHARTLE, Warden,

             Respondent-Appellee.

No. 17-17208

D.C. No. 4:16-cv-00204-CKJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

   David Tillery appeals pro se from the district court's judgment denying his

28 U.S.C. § 2241 petition for a writ of habeas corpus challenging his conviction by

court-martial and life sentence for premeditated murder.  We have jurisdiction

under 28 U.S.C. § 1291.  Reviewing de novo, *see Alaimalo v. United States*, 645

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1042, 1047 (9th Cir. 2011), we affirm.

Tillery first contends that the Fifth Amendment's Double Jeopardy Clause barred his subsequent prosecution for murder at court-martial following the dismissal of the state court murder charge, that the military waived jurisdiction to prosecute him for murder, and that he was entitled to de facto immunity from prosecution. The district court properly denied habeas relief on these claims because both the United States Army Court of Criminal Appeals and the United States Court of Appeals for the Armed Forces fully and fairly considered them. *See Burns v. Wilson*, 346 U.S. 137, 142, 144 (1953) (collateral review of military convictions is "limited" to whether the military courts "fully and fairly" considered the issues raised in the habeas petition).

Tillery next claims his court-martial conviction violated paragraph 153(a) of the Manual for Court Martial because it was based on uncorroborated witness testimony and his military trial counsel was ineffective for failing to subpoena an allegedly key state court witness or move to enter the witness's trial testimony as part of the court-martial record. The district court properly denied habeas relief on these claims because Tillery waived them. *See Davis v. Marsh*, 876 F.2d 1446, 1448 (9th Cir. 1989) (a habeas petitioner waives claims not raised in the military courts "absent a showing of cause and prejudice").

Tillery next contends that the district court erred in denying his summary

17-17208

judgment motions. Reviewing de novo, *see Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013), we conclude that the court properly denied the motions because Tillery presented no basis for summary judgment on any issue raised in the motions.

Tillery also contends that the district court abused its discretion in denying the request for witness and document subpoenas, and granting the motion to quash the subpoenas. The court did not abuse its discretion, *see Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1084 (9th Cir. 2003) (stating standard of review), because Tillery failed to demonstrate good cause for the information and documents requested by the subpoenas. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (a habeas petitioner "is not entitled to discovery as a matter of ordinary course," but rather must show "good cause" for the requested discovery).

We reject as meritless Tillery's contentions that the district court denied him due process and fundamental fairness by issuing adverse rulings, permitting the Magistrate Judge to use the government's brief in its recitation of the facts in the report and recommendation, and allegedly failing to respond properly to his summary judgment motions.

With regard to Tillery's remaining arguments, we do not consider claims raised for the first time on appeal, or matters raised for the first time in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Moreover, we

do not consider documents attached to Tillery's reply brief that were not part of the record below. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Tillery's motions to supplement the reply brief are denied.

**AFFIRMED.**