**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERMAINE J. JOHNSON, | No. 22-55782 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-07121-CJC-MAA |
| v. | |
| C. RODRIGUEZ, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted June 6, 2024
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,** District Judge.

Petitioner-Appellant Jermaine J. Johnson pleaded guilty to unpremeditated

murder before a court martial and served several years in military custody before

being transferred to a federal prison. He appeals the district court's dismissal of his

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

habeas corpus petition under 28 U.S.C. § 2241, in which he alleges, principally, that his transfer to Federal Bureau of Prisons ("BOP") custody was involuntary and prejudicial and that his military trial counsel was ineffective for misadvising him or failing to advise him of the possibility and consequences of a transfer to BOP custody. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of a 28 U.S.C. § 2241 petition. *Wilson v. Belleque*, 554 F.3d 816, 828 (9th Cir. 2009). We review for clear error the factual findings and credibility determinations made by the district court in the context of granting or denying the petition. *Larsen v. Soto*, 742 F.3d 1083, 1091-92 (9th Cir. 2013). We review for abuse of discretion the district court's denial of an evidentiary hearing on a habeas claim. *Ochoa v. Davis*, 50 F.4th 865, 890 (9th Cir. 2022). Because federal courts play a limited supervisory role when reviewing the habeas petition of a prisoner confined pursuant to a judgment of a court martial, *Davis v. Marsh*, 876 F.2d 1446, 1449 (9th Cir. 1989), we review a military habeas petitioner's claim on the merits only when the military courts did not "fully and fairly" consider the claim, *see Burns v. Wilson*, 346 U.S. 137, 142-43 (1953).

1. We need not address the government's arguments regarding laches, retroactivity, exhaustion, procedural default, or the Sixth Amendment, because

regardless of those arguments, Johnson's ineffective assistance of counsel ("IAC") claim fails on the merits.

2. We may review Johnson's IAC claim on the merits; the government does not dispute that no military court considered the claim. *See id.* We consider under *Strickland v. Washington*, 466 U.S. 668 (1984), whether Johnson has demonstrated that his counsel's performance was both deficient and prejudicial.

At his plea hearing, Johnson stated under oath that he understood his guilty plea and the consequences of pleading guilty, and he confirmed that the plea agreement contained all of the understandings and agreements in his case and that no one had made promises to him that were not written into the agreement. The plea agreement contains no suggestion that Johnson would serve his entire sentence in military custody. Moreover, Johnson's conclusory statements that he would not have pleaded guilty had he known of the possibility that he could be transferred to a BOP facility, and that his transfer to the BOP facility at Victorville, California, was involuntary, are belied by the record. The record demonstrates that Johnson affirmatively sought a transfer to the Victorville BOP facility three times before he was ultimately transferred there. Thus even if his trial counsel misadvised him that he would serve his entire sentence in military custody, failed to advise him of the possibility of transfer to BOP custody, or failed to advise him of the ramifications of transfer to

BOP custody, these deficiencies did not prejudice him because the record shows that he knowingly pleaded guilty, confirmed that he had not been promised anything outside of the plea agreement with respect to the conditions of his confinement, and affirmatively sought a transfer to BOP custody.

3. The district court did not abuse its discretion when it declined to hold an evidentiary hearing before summarily dismissing Johnson's habeas petition. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). As set out above, the record contradicts Johnson's assertion that he would not have pleaded guilty had his counsel advised him that he could be transferred to a BOP facility.

**AFFIRMED**.