NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL A. GARNER,

Petitioner-Appellant,

v.

DANON COLBERT,

Respondent-Appellee.

No.    22-16732

D.C. No. 4:22-cv-00017-JR

MEMORANDUM[*]

Appeal from the United States District court
for the District of Arizona
Jacqueline Rateau, Magistrate Judge, Presiding

Argued and Submitted May 13, 2024
Phoenix, Arizona

Before:  DESAI and DE ALBA, Circuit Judges, and GUTIERREZ,[**] District
Judge.

Michael Garner appeals from the district court's judgment denying his 28

U.S.C. § 2241 petition for a writ of habeas corpus challenging his life sentence

resulting from his 2008 court-martial conviction of rape, forcible sodomy, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Philip S. Gutierrez, United States District Judge for
the Central District of California, sitting by designation.

indecent assault of his daughter, S.G.; possessing child pornography; desertion; and disobeying an order.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo* the district court's decision to deny a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 for procedural default, *Rhoades v. Henry*, 638 F.3d 1027, 1034 (9th Cir. 2011), and for an abuse of discretion a district court's determination that a petitioner is not entitled to an evidentiary hearing, *Runningeagle v. Ryan*, 825 F.3d 970, 990 (9th Cir. 2016), we affirm.

1.      A habeas petitioner waives claims not raised in the military courts absent a showing of cause and prejudice. *See Davis v. Marsh*, 876 F.2d 1446, 1450 (9th Cir. 1989). The district court did not err in finding that Garner waived his ineffective assistance of counsel claim and that Garner failed to establish cause and prejudice to overcome the procedural bar to federal habeas review.

In his petition before the district court, Garner argued for the first time that his trial counsel provided ineffective assistance of counsel when it did not present mitigating evidence of his post-traumatic stress disorder ("PTSD") diagnosis during the sentencing phase. While Garner previously asserted ineffective assistance of counsel claims, he never raised this specific claim before the military courts. "[A] petitioner who presented any ineffective assistance of counsel claim below [cannot] later add unrelated alleged instances of counsel's ineffectiveness to

2

his claim." *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005). Accordingly, Garner waived his claim of ineffective assistance of counsel. *See Poyson v. Ryan*, 879 F.3d 875, 894–96 (9th Cir. 2018) (finding the district court properly dismissed appellant's penalty phase ineffective assistance of counsel claim as procedurally defaulted when appellant presented "a fundamentally new theory of counsel's ineffectiveness").

Further, Garner fails to establish cause to overcome the procedural bar. After military prosecutors charged Garner and before his court-martial, he underwent a mandatory psychiatric evaluation, which lasted three-days. His psychiatrist issued a sanity board report, finding that while Garner met the criteria for psychiatric diagnosis at the time of his offenses, including PTSD, Garner did not suffer from a severe mental disease or defect, knew right from wrong, and could appreciate his actions at the time of the report or at the time of the offenses.

Garner argues he can show cause because he only became aware of his mental health diagnosis after his appeal when he received his disability rating decision from the Department of Veterans Affairs ("VA") in 2020, which included his sanity board report. This, however, does not constitute an "'objective factor' that is 'external' to the petitioner and that 'cannot fairly be attributed to him.'" *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). His sanity board report would have been

3

available when he raised his ineffective assistance of counsel claim before the military courts. Garner was not only present during his evaluation, but Garner's trial counsel—with Garner present— also discussed his sanity board report on the record with the miliary court.

Garner also fails to establish that he was prejudiced. *See United States v. Frady*, 456 U.S. 152, 168 (1982). First, Garner speculates that if evidence of his PTSD diagnosis had been presented, his sentence would have been reduced. But this is insufficient to establish prejudice. *See Rhoades*, 638 F.3d at 1050–52 (explaining that a petitioner cannot establish prejudice by merely speculating that evidence would mitigate his sentence, especially in light of aggravating factors). Second, there is a possibility that the sanity board report and diagnosis may have amplified Garner's culpability in the eyes of the jury because the sanity board report also concluded that Garner was "able to distinguish between right and wrong, . . . [was] responsible for his actions," and "was able to appreciate the nature and quality of wrongfulness of his conduct" at the time of the alleged offense. And lastly, Garner's speculative mitigating evidence does not give rise to a reasonable probability that Garner's sentence would have been different in light of the aggravating factors surrounding his conviction. *See Strickland v. Washington*, 466 U.S. 668, 700 (1984).

4

2.      As the record before the district court established that Garner failed to show cause and prejudice to overcome his procedural default, the district court did not abuse its discretion by denying his petition without holding an evidentiary hearing. *Runningeagle*, 825 F.3d at 990. Further, contrary to Garner's claim, *Martinez v. Ryan*, 556 U.S. 1 (2012) is not applicable here. "[I]n order to successfully invoke [a *Martinez*] exception to procedural default, the defendant must show that his postconviction counsel, in failing to address trial counsel's ineffectiveness, was himself ineffective under the standards of *Strickland*." *Apelt v. Ryan*, 878 F.3d 800, 826 n.14 (9th Cir. 2017). Garner did not assert a claim under *Martinez* as he has never asserted that his postconviction counsel was ineffective.

**AFFIRMED.**

5